# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JUSTIN P. SWIFT**
**United States Army, Appellant**

ARMY 20100196

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Michael J. Benjamin, Staff Judge Advocate (pretrial)
Colonel Francis P. King, Staff Judge Advocate (post-trial)

For Appellant:  Major Richard E. Gorini, JA; Major Meghan M. Poirier, JA; Mr. William E. Cassara, Esquire (on brief); Major Meghan M. Poirier, JA; Mr. William E. Cassara, Esquire (reply brief).

For Appellee:  Major Amber J. Roach, JA; Captain Chad M. Fisher, JA; Captain John D. Riesenberg, JA (on brief).

29 November 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

YOB, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of two specifications of indecent acts or liberties with a child in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2000) [hereinafter, UCMJ].  *See Manual for Courts-Martial*, *United States* (2002 ed.), pt. IV, ¶ 87.b.  The panel sentenced appellant to a dishonorable discharge, confinement for fourteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

The case is now before this court for review under Article 66, UCMJ.  We have considered the record of trial and the assignments of error raised by appellant.  In consideration of our superior court's decision in *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are compelled to set aside The Charge and its

specifications without prejudice. *See United States v. Saintaude*, 56 M.J. 888, 891 (Army Ct. Crim. App. 2002), *aff'd*, 61 M.J. 175 (C.A.A.F. 2005).

The sole charge in this case and its two specifications allege appellant committed indecent acts upon his daughter, a female child under sixteen years of age. In one of his assignments of error, appellant argues this court must set aside and dismiss his conviction because neither specification of The Charge alleges the Article 134, UCMJ, terminal elements of conduct that is prejudicial to good order and discipline (Clause 1) or of a nature to bring discredit upon the armed forces (Clause 2). Pursuant to *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011), it was error to omit the terminal elements from these specifications. However, appellant did not object to the form of either specification at trial, and "where defects in a specification are raised for the first time on appeal, dismissal of the affected charges or specifications will depend on whether there is plain error—which, in most cases will turn on the question of prejudice." *Humphries*, 71 M.J. at 213–14 (citing *United States v. Cotton*, 535 U.S. 625, 631–32 (2002)). Therefore, appellant must demonstrate "the Government's error in failing to plead the terminal element of Article 134, UCMJ, resulted in material prejudice to [appellant's] substantial, constitutional right to notice." *Id.* at 215; UCMJ art. 59(a). To assess prejudice, "we look to the record to determine whether notice of the missing element is somewhere extant in the trial record, or whether the element is 'essentially uncontroverted.'" *Id.* at 215–16 (citing *Cotton*, 535 U.S. at 633; *Johnson v. United States*, 520 U.S. 461, 470 (1997)).

After thoroughly reviewing the record, we do not find any indication that notice of the missing terminal element is "somewhere extant in the trial record," and the evidence was controverted as to at least one clause of Article 134, UCMJ. *See id*. at 215–16. Neither specification provides any notice of which terminal element or theory of criminality upon which the government relied to prove this case. No witness testified as to how appellant's conduct violated either Clause 1 or 2 of Article 134, UCMJ. During closing arguments, the trial counsel never referenced why the alleged misconduct should be considered prejudicial to good order and discipline or service discrediting. Although the military judge properly instructed the panel on the terminal elements, this instruction came after the close of evidence, and "did not alert [appellant] to the Government's theory of guilt." *Id*. at 216 (citing *Fosler*, 70 M.J. at 230).

Based on a totality of the circumstances, we are not convinced appellant was placed on sufficient notice of the government's theory as to which clause(s) of Article 134, UCMJ, he violated. As a result, the Government's failure to allege the terminal elements constituted material prejudice to appellant's substantial right to notice. *See* UCMJ art. 59(a).

## CONCLUSION

Accordingly, on consideration of the entire record and in light of *Humphries*, the findings of guilty and the sentence are set aside. The Charge and its specifications are dismissed without prejudice, for there is no bar to a new trial on the underlying misconduct. A new trial may take place under the jurisdiction of the same or different convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of the approved sentence, hereby set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE
Deputy Clerk of Court